## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEATHER ARIANNE S.,[1] ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI,[2] ) <br> **Acting Commissioner of Social Security,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | CIVIL ACTION <br><br> No. 20-1081-JWL |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) finding medical improvement related to Plaintiff's ability to work on April 1, 2013, and denying Disability Insurance Benefits (DIB) under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (hereinafter the Act) between April 1, 2013 and March 31, 2019.  Finding error in the Commissioner's final decision (the Administrative Law Judge's (ALJ) decision dated October 24, 2019), the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42

---

[1] The court makes all its "Memorandum and Order[s]" available online.  Therefore, in the interest of protecting the privacy interests of Social Security disability claimants, it has determined to caption such opinions using only the initial of the Plaintiff's last name.

[2] On July 9, 2021, Kilolo Kijakazi was sworn in as Acting Commissioner of Social Security.  In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Kijakazi is substituted for Commissioner Andrew M. Saul as the defendant.  In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

U.S.C. § 405(g) REVERSING that decision and REMANDING this case for further proceedings consistent with this opinion, 20 C.F.R. § 404.1594, and Soc. Sec. Ruling (SSR) 13-3p.

## I.   Background

Plaintiff filed an application for DIB on March 8, 2011 and was found to be disabled beginning March 24, 2010.  (R. 259, 547).  Plaintiff was determined to have medically improved and was found "no longer disabled as of" April 2013.  (R. 263, dated April 15, 2013).  Since that time this case has followed a six-year long tortuous path of appeal and remand resulting in a final decision of the Commissioner on October 24, 2019.  (R. 11-32).  Plaintiff first secured review for a hearing and received a decision by an ALJ on July 2, 2015.  (R. 190-205).  She appealed that decision to the Appeals Council (AC) and secured a remand on September 27, 2016.  Id. 218-19.  On remand a different ALJ, Michael D. Shilling, held further proceedings and issued a decision on October 25, 2017, finding Plaintiff "was able to perform a significant number of Jobs in the national economy" as of April 1, 2013, id. at 239, and that her "disability ended as of April 1, 2013."  Id. 240 (finding no. 15, bold omitted).

Plaintiff again requested review of the hearing decision, id. at 478, and the AC again remanded the case to the ALJ on August 31, 2018.  Id. 256-57.  On remand ALJ Shilling conducted further proceedings, held another hearing, and issued another decision on October 24, 2019 finding Plaintiff's disability ended on April 1, 2013 and that she was not disabled within the meaning of the Act at any time between April 1, 2013 and her date last insured, March 31, 2019.  (R. 11-32).  Plaintiff requested AC review of the

ALJ's decision (R. 544-46), and the Council denied the request on January 23, 2020. Id. at 1. Therefore, ALJ Shilling's decision dated October 24, 2019 became the final decision of the Commissioner subject to judicial review.

Plaintiff timely filed this case on March 25, 2020 seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (Doc. 1). Plaintiff claims the ALJ erred because he applied the incorrect legal standard in his evaluation of the treating opinion of Licensed Clinical Psychotherapist, Ms. Shani McCurry. (Pl. Br. 17).

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner has promulgated an eight-step sequential process to evaluate termination of benefits. Hayden v. Barnhart, 374 F.3d 986, 988 (10th Cir. 2004); Jaramillo v. Massanari, 21 Fed. Appx. 792, 794 (10th Cir. 2001); 20 C.F.R. § 404.1594(f)(1-8). If at any step a determination can be made that a recipient is unable to engage in substantial gainful activity, evaluation under a subsequent step is not necessary. 20 C.F.R. § 404.1594(f). In step one, the Commissioner must determine whether the recipient is presently engaged in substantial gainful activity. Id. § 404.1594(f)(1). Step two considers whether the recipient has a medically severe impairment or combination of impairments which is equivalent to one of the impairments listed in Appendix 1 to subpart P of the regulations. Id. § 404.1594(f)(2). If any or all

4

the recipient's current impairment(s) meets or equals a listed impairment, his disability is conclusively presumed to continue. Id. In step three, the Commissioner determines if the recipient's impairment(s) which was present at the most recent favorable decision has undergone medical improvement. Id. § 404.1594(f)(3)&(b)(1). To determine whether medical improvement has occurred, the ALJ compares "the <u>current</u> medical severity of that impairment(s) which was present at the time of the most recent favorable medical decision . . . to the medical severity of that impairment(s) <u>at that time</u>." Id. § 404.1594(b)(7) (emphases added). Medical improvement has occurred when there is a decrease in medical severity, which is shown by "changes (improvement) in the symptoms, signs or laboratory findings associated with that impairment(s)." Id. § 404.1594(c)(1).

If medical improvement is found in step three, step four involves a determination whether that medical improvement is related to the recipient's ability to work. Id. § 404.1594(f)(4). In deciding whether medical improvement is related to the ability to work, the ALJ will compare the recipient's current residual functional capacity (RFC) "based upon this previously existing impairment(s) with [his] prior residual functional capacity." Id. § 404.1594(b)(7). "Unless an increase in the current residual functional capacity is based on changes in the signs, symptoms, or laboratory findings, any medical improvement that has occurred will <u>not</u> be considered to be related to [the recipient's] ability to work." Id. § 404.1594(c)(2) (emphasis added).

If, however, the most recent favorable decision was based upon a finding that the recipient's condition met or equaled the severity of an impairment in the Listing of

Impairments (20 C.F.R., Pt. 404, Subpt. P, App.1), an RFC assessment would not have been made because RFC is not assessed until after consideration of the Listing of Impairments.  Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988); compare, 20 C.F.R. § 404.1520(e) (RFC assessed if impairment(s) do not meet or equal a listing), with § 404.1594(c)(3)(i) (if most recent favorable decision was based on a finding the impairment(s) met or equaled a listing, an assessment of RFC would not have been made).  In such a case, where "medical improvement has occurred and the severity of the prior impairment(s) no longer meets or equals the same listing section used to make [the] most recent favorable decision, [the Commissioner] will find that the medical improvement was related to [the recipient's] ability to work." 20 C.F.R. § 404.1594(c)(3)(i).

If the Commissioner determines, at step three, that there has been no medical improvement or, at step four, that any medical improvement is not related to the recipient's ability to work, he will determine that disability continues unless he finds at step five that certain statutory exceptions apply.  Id. § 404.1594(f)(5).  If medical improvement related to the recipient's ability to work is found at steps three and four, the commissioner will determine, at step six, whether all the recipient's current impairments in combination are severe.  Id. § 404.1594(f)(6).  If the recipient's current impairments in combination are severe, the Commissioner will assess her RFC at step seven "based on all [her] current impairments, and consider whether [she] can still do work [she has] done in the past." Id. § 404.1594(f)(7).  If so, the recipient's disability benefits will be terminated.  Id.  If not, then the Commissioner will determine at step eight whether (when

considering the recipient's current RFC, age, education, and past work experience) she can perform other work existing in the economy. Id. § 404.1594(f)(8). If so, the recipient's disability benefits will be terminated. Id.

The burden in a termination case is on the Commissioner to show both (1) medical improvement related to the recipient's ability to work, and (2) that the recipient is currently able to engage in substantial gainful activity. Patton v. Massanari, 20 Fed. Appx. 788, 789 (10th Cir. 2001) (citing Glenn v. Shalala, 21 F.3d 983, 987 (10th Cir. 1994); and 20 C.F.R. 404.1594(a)); Jaramillo, 21 Fed. Appx. at 794 (same). This eight-step sequential evaluation process relates to the Commissioner's determination here that Plaintiff's disability ended as of April 1, 2013 and is considered by the court with respect to her "current" condition at that time. The Commissioner determined that Plaintiff's condition was not disabling at any time between April 1, 2013 through her date last insured, March 31, 2019. (R. 32). Plaintiff alleges error in that determination because the ALJ applied the incorrect legal standard to evaluate Ms. McCurry's medical opinion. The court addresses that error and need not further address the eight-step sequential evaluation process.

## II. The Standard Applicable to Evaluation of Medical Opinions or Prior Administrative Medical Findings in Review of Medical Improvement Cases.

Plaintiff asserts the treating physician rule of 20 C.F.R. § 404.1527 applies to evaluation of the medical opinions in this case based on the fact Plaintiff's application for DIB was filed March 8, 2011. (Pl. Br. 18) (citing Social Security Administration (SSA), Hearing, Appeals, and Litigation Law Manual (HALLEX), I-5-3-30) available online at:

7

https://www.ssa.gov/OP_Home/hallex/I-05/I-5-3-30.html, (last visited, September 17, 2021).  Plaintiff argues the ALJ did not apply the treating physician rule in his consideration of Ms. McCurry's opinion, and that requires remand because he did not provide appropriate deference to the opinion.  (Pl. Br. 18-20).  The Commissioner argues, "Even if the ALJ erred in articulating the new medical source assessment regulations, Plaintiff failed to meet her burden to show reversible error in this regard."  (Comm'r Br 20) (citing Shinseki v. Sanders, 556 U.S. 396, 408-09 (2009) (burden of showing error harmful normally on party attacking agency determination)).  She argues extensively that applying either the treating physician rule or the new regulation for evaluating the persuasiveness of medical opinions and prior administrative medical findings would result in the same decision as reached by the ALJ in this case.  Id. 12-20 (passim).

The resolution of the issue here depends on whether the ALJ applied the correct legal standard.  Harmless error analysis is irrelevant in this case because remand for application of the correct standard is necessary if the ALJ applied the incorrect legal standard.  Lax, 489 F.3d at 1084; White, 287 F.3d at 905; Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984) ("Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal.") (quotation omitted).  It is not pellucid that application of the treating physician rule would result in the same decision as application of the current regulatory scheme for considering the persuasiveness of medical opinions and the court does not believe that is a foregone conclusion.  Moreover, the only means to determine if that were true would be for the court to reweigh the evidence in accordance

with the treating physician rule. That is a proposition from which the court is specifically precluded. Bowman, 511 F.3d at 1272; Hackett, 395 F.3d at 1172; Bowling, 36 F.3d at 434.

Plaintiff provided a citation to alleged authority for the legal standard applicable, whereas the Commissioner did not, and indeed, argued it makes no difference which standard is applied. HALLEX I-5-3-30, cited by Plaintiff makes it abundantly clear which standard is applicable in this case. It states:

> **3. Medical cessation with a new period of disability on appeal**
>
> If the individual's disability has medically ceased, the determination or decision must also address the individual's eligibility (or ineligibility) for a new period of disability through the date on which the appeal determination or decision is being made.
>
> If the initial request for review of the disability cessation determination was:
>
> - Before March 27, 2017, use the prior rules to evaluate the new period of disability.
>
> \*\*\*
>
> We consider the date of the initial request for review of the disability cessation determination to be the date the claimant or appointed representative submitted the request to the agency.
>
> **NOTE:**   For title II claims, SSR 13-3p explains other considerations for determining a new period of disability.

HALLEX I-5-3-30(IV)(E)(3) (underlines added).

In relevant part, SSR 13-3p explains that "a timely request for administrative review of a disability cessation determination or decision … constitutes a protective filing of an application permitting a determination of disability through the date of the final

9

determination or decision on appeal." 2013 WL 785484, *4. It continues, "Adjudicators use the date of the <u>initial</u> request for review of the disability cessation determination as the filing date for a new period of disability." Id. (underline added). Finally, it notes, "Since this Ruling revises how we consider the title II appeal … of a medical disability cessation case, it eliminates the need for a new claim for reentitlement in title II cases." Id.

In this case, Plaintiff's "initial request for review of the disability cessation determination" was made on May 1, 2013. (R. 267). The fact that it took the agency two Appeals Council remands, three hearing decisions, and more than six years to adjudicate Plaintiff's request for review and provide a final decision on the matter is of no import in this determination except to (apparently) confuse the agency. Therefore, in accordance with HALLEX I-5-3-30(IV)(E)(3) and SSR 13-3p, the correct legal standard to be applied in Plaintiff's request for review was the treating physician rule, 20 C.F.R. § 404.1527. Plaintiff is incorrect in asserting the treating physician rule applies here because her application for DIB was filed on March 8, 2011, but she is nonetheless correct that the treating physician rule applies here—because her initial request for review of the disability cessation determination was made on May 1, 2013.

In both AC remands to ALJ Shilling, the Council noted error in the previous decision's application of SSR 13-3p. (R. 218, 256) (citing SSR 13-3p in support of finding the earlier ALJ decision did not "adjudicate through the date of the hearing decision"). And ALJ Shilling specifically acknowledged each reference to SSR 13-3p. (R. 223) (noting the AC's directions were "[b]ased on SSR 13-3p."); (R. 11) (noting the

AC directed him to determine disability "through the date of the new hearing decision or the date last insured … pursuant to Social Security Ruling 13-3p"). However, in his final decision the ALJ did not definitively state the legal standard he applied in evaluating the medical opinions he considered. First, he stated he "considered opinion evidence in accordance with the requirements of 20 CFR [§] 404.1527 and SSR 17-2p," suggesting he applied the treating physician rule. (R. 17). On the very next page of his decision, however, the ALJ stated that in making his RFC assessment he had "considered the medical opinion(s), prior administrative medical finding(s), and additional relevant evidence in accordance with the requirements of 20 CFR 404.1520c," thereby suggesting he had applied the new standard and determined the persuasiveness of the medical opinions. (R. 18). All doubt as to which standard he applied is removed later in the decision when he stated he would "not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from your medical sources," id. at 26, and made a finding that each medical opinion and each prior administrative medical finding is "persuasive," "partially persuasive," "somewhat persuasive," or "not persuasive." Id. at 26-30. There can be no doubt the ALJ applied the new regulations rather than the correct legal standard, the treating physician rule, in evaluating the medical opinions in this case.

This is error requiring remand for a proper evaluation in accordance with HALLEX I-5-3-30(IV)(E)(3) and SSR 13-3p.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING the Commissioner's final decision

and REMANDING this case for further proceedings consistent with this opinion, 20 C.F.R. § 404.1594, HALLEX I-5-3-30(IV)(E)(3), and SSR 13-3p.

Dated September 20, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**